# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| CAMERON KEMP #72818/185628 | CIVIL ACTION NO. 19-799 SEC P |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| DONALD BELANGER JR., ET AL. | MAG. JUDGE KAYLA D. MCCLUSKY |

## JUDGMENT

The Report and Recommendation of the Magistrate Judge having been considered, together with the written objections thereto filed with this Court, and, after a *de novo* review of the record, finding that judgment as recommended is warranted,

**IT IS ORDERED** that the motion for summary judgment [Record Document 27] filed by Plaintiff Cameron Kemp is **DENIED**.

**IT IS FURTHER ORDERED** that that motion for summary judgment [Record Document 37] filed by Defendant Donald Belanger is **GRANTED** and Plaintiff's excessive force claim against Defendant is hereby **DISMISSED WITH PREJUDICE**.

The Court writes separately to address Plaintiff's objections. Plaintiff filed a sworn statement that he was not being combative with Defendant during his arrest. *See* Record Document 46-1, p. 48. He swears that he had surrendered peacefully and was handcuffed before Defendant proceeded to execute a leg sweep to take Plaintiff to the ground. *Id.* at 44. Viewing the facts in a light most favorable to Plaintiff, the Court notes that Plaintiff has pointed to a dispute of material fact about whether Defendant used unreasonable force by leg sweeping a handcuffed suspect. *See Ramirez v. Martinez*, 716 F.3d 369, 378–79 (5th Cir. 2013) (finding use of force after handcuffing is objectively unreasonable).

1

However, an excessive force claim requires more than a *de minimis* injury. *See Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001) (finding placing handcuffs on suspect causing only swollen wrists was not excessive force). As the Magistrate Judge correctly noted, Plaintiff's allegations of injury are controverted by the medical records in evidence. *See* Record Document 37-5. The Ochsner LSU Health Shreveport Report shows that Plaintiff suffered minimal injuries for which ibuprofen was prescribed. *Id.* Plaintiff attempted to counter this by attaching a booking assessment form and a mobile x-ray service form. Record Document 47-1, pp. 1–2. However, these documents are not competent summary judgment evidence because there is nothing in the record certifying their authenticity. Moreover, the mobile x-ray service form is undated, and Plaintiff did not submit the results. As such, the Court has no way of knowing when the x-rays were conducted or the results. Ultimately, these documents do not create a dispute of material fact because they do not show that Plaintiff suffered injuries, only that he complained about pain and, at some point, used a mobile x-ray service. Because certified medical records make Plaintiff's factual allegations untenable, the Court finds that the Magistrate Judge's conclusions are correct. Therefore, Defendant's motion for summary judgment is **GRANTED**. Plaintiff's excessive force claim is **DISMISSED WITH PREJUDICE**.

The following claims are Plaintiff's only remaining claims and relate to his June 21, 2018 arrest: (1) that Officer Bradley falsely arrested him, subsequently lying in an arrest report about the probable cause for arrest; (2) that Officers Bradley, Albrecht, Holley, and Belanger searched his residence without a warrant; and (3) that Bradley, Albrecht, Holley, and Belanger arrested him in retaliation for a 2012 ACLU complaint he filed against them.

**THUS DONE AND SIGNED** this 4th day of March, 2021.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE