UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CAMERON KEMP #72818/185628 | CIVIL ACTION NO. 19-799 SEC P |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| DONALD BELANGER, JR., ET AL. | MAG. JUDGE KAYLA D. MCCLUSKY |

### MEMORANDUM ORDER

Now before the Court is an appeal of the Magistrate Judge's order [Record Documents 74 & 76], a motion to amend the complaint [Record Document 81], and two motions for sanctions [Record Documents 75 & 90], all filed by Plaintiff Cameron Kemp. For the reasons discussed below, these motions are **DENIED**, and the Magistrate Judge's order is **AFFIRMED**. [Record Documents 74, 75, 76, 81, & 90].

### BACKGROUND

Plaintiff, who is proceeding *pro se*, filed the instant action on June 21, 2019, asserting various claims under 42 U.S.C. § 1983. Record Document 1. The only remaining claims in this action are against Defendants Donald Belanger, Jr. ("Belanger"), Agent Albrecht ("Albrecht"), C. Glass Bradley ("Bradley"), and Agent Holley ("Holley") (collectively, "Defendants") relating to Plaintiff's arrest on June 21, 2018. *See* Record Documents 33 & 70. Previously, on May 14, 2020, the Court stayed the following claims when it adopted the Report and Recommendation of the Magistrate Judge: (1) that Officer Bradley falsely arrested him, subsequently lying in an arrest report about the probable cause for arrest; (2) that Officers Bradley, Albrecht, Holley, and Belanger searched his residence without a warrant; and (3) that Officers Bradley, Albrecht, Holley, and Belanger arrested him in retaliation for a 2012 ACLU complaint he filed against them. Record Document 33. Aside from staying these claims, the Court dismissed all other claims against all

1

other Defendants, except for Plaintiff's excessive force claim against Belanger. *See id.* On November 9, 2020, the Court lifted the stay, and on March 4, 2021, the Court dismissed Plaintiff's excessive force claim against Belanger, which was not stayed. Record Documents 57 & 70.

Belanger was served with Plaintiff's complaints on January 8, 2020, and he filed an answer on January 29, 2020. *See* Record Documents 22 & 23. The remaining Defendants were not served with the complaints until February 10, 2021, and they filed answers on February 26, 2021. *See* Record Documents 64 & 67. Meanwhile, on February 25, 2021, Plaintiff filed a motion for default against Defendants. Record Document 65. Plaintiff requested for the Court to enter a default against Defendants because they were dilatory in responding to his complaints. *Id.* On March 2, 2021, the Magistrate Judge denied Plaintiff's request for a default judgment. Record Document 68. On March 12, 2021, the Magistrate Judge denied Plaintiff's motion for reconsideration. Record Document 73.

Plaintiff has proceeded to appeal the Magistrate Judge's decision to this Court and launch a tirade of accusations against the Honorable Kayla McClusky, "Kim" in the Clerk's Office, and defense counsel Nichole Buckle. Record Documents 74 & 76. He accuses them of altering dates in the docket, conspiracy, and other baseless accusations of fraud. Record Documents 74–76, 81, & 90. Plaintiff now seeks to amend his complaint to add the Magistrate Judge, "Kim," and Nichole Buckle as defendants. Record Document 81. Further, Plaintiff seeks sanctions against them pursuant to Federal Rule of Civil Procedure 11. Record Documents 75 & 90. The Court will address each motion in turn.

## LAW & ANALYSIS

**I.  Appeal of the Magistrate Judge's Order**

Previously, Plaintiff filed a motion for an entry of default or default judgment against Defendants.[1] Record Document 65. In his motion, he argued that Defendants did not timely file an answer to his complaints. The Magistrate Judge rejected his motion because all Defendants filed their answers within 21 days of being served with the complaints. Plaintiff filed the instant appeal. Record Documents 74 & 76. For the following reasons, the Magistrate Judge's order is **AFFIRMED**.

Under the Federal Magistrate Act, a magistrate judge may issue binding rulings on non-dispositive matters. 28 U.S.C. § 636(b)(1)(A). A party that objects to such a ruling may appeal to the district judge who "must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Federal law affords the magistrate judge broad discretion in the resolution of non-dispositive matters. *See id.* Under this deferential standard, a magistrate judge's decision must be affirmed unless "on the entire evidence [the Court] is left with a definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). A clear error standard applies to a magistrate judge's findings of fact, while legal conclusions are reviewed *de novo*. *See Spillers v. Chevron USA Inc.*, No. 11-2163, 2013 WL 869387, at *3 (W.D. La. Mar. 6, 2013) (citing *Choate v. State Farm Lloyds*, No. 03-2111, 2005 WL 1109432, at *1 (N.D. Tex. May 5, 2005)). Hence, reversal of a factual finding is improper whenever the "magistrate judge's 'account of the evidence is plausible in light

---

[1] The motion was not clear as to whether Plaintiff sought an entry of default or default judgment. Regardless, Plaintiff is not entitled to either.

3

of the record viewed in its entirety.'" *Smith v. Smith*, 154 F.R.D. 661, 665 (N.D. Tex. 1994) (quoting *Resolution Tr. Corp. v. Sands*, 151 F.R.D. 616, 619 (N.D. Tex. 1993)).

Having reviewed Plaintiff's motion, the Magistrate Judge's order, and the arguments on appeal, this Court cannot conclude that the Magistrate Judge's ruling was clearly erroneous or contrary to law. First, the Magistrate Judge correctly looked to the date of service as the proper date to trigger the 21-day period to file an answer. All Defendants filed an answer within 21 days of being served with the complaints. As such, Plaintiff had no basis to request an entry of default or a default judgment.

Plaintiff's argument largely stems from a misunderstanding of how the docketing system operates. Plaintiff is under the mistaken belief that since he filed his default motion before the summonses were returned executed and Defendants filed their answers, there was a conspiracy to surreptitiously alter dates. However, the evidence in the record makes Plaintiff's position untenable.

Regarding Belanger, the summons in Record Document 22 reveals that he was served on January 8, 2020. Therefore, he had until January 29, 2020, to file his answer, which he did. Belanger was served before the other Defendants because the Magistrate Judge recommended that Plaintiff's excessive force claim against Belanger not be stayed or dismissed as frivolous, unlike the claims against Albrecht, Bradley, and Holley, which were either all stayed or dismissed as frivolous. *See* Record Documents 14 & 15. Belanger proceeded to file an answer on January 29, 2020, in which he denied all claims against him, including the claims that were eventually stayed by this Court on May 14, 2020. Record Document 23. As such, the Magistrate Judge was correct to conclude that Belanger timely filed an answer.

The summonses in Record Document 67 reveal that Defendants Albrecht, Bradley, and Holley were served on February 10, 2021, after the Court lifted the stay. Therefore, they had until

March 3, 2021, to file their answers. They filed their answers on February 26, 2021. The stamps on the summonses reveal that the Clerk's Office received the summonses on February 26, 2021. Any corrective action taken by the Clerk's Office was to ensure the docket reflected true and accurate information. Plaintiff has submitted no evidence whatsoever that would suggest that the dates of service were falsified. As such, the Magistrate Judge correctly denied Plaintiff's request for an entry of default or default judgment. Accordingly, the Magistrate Judge's order is **AFFIRMED**.

## II.    Motion to Amend Complaint

Plaintiff seeks leave of Court to amend his complaint to name Judge McClusky, "Kim," and Nichole Buckle as defendants, pursuant to Federal Rule of Civil Procedure 15(a). Record Document 81. Plaintiff alleges that the above-named persons committed fraud by altering dates in the docket. *Id.* Rule 15(a)(2) states that the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court is granted broad discretion in ruling on a motion to amend. However, the Court may deny a motion to amend if it is futile, such as if it would fail to survive a Federal Rule of Civil Procedure 12(b)(6) motion. *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir. 2003). Further, joinder of additional defendants requires permission from the Court, and the defendants must be involved in the same transaction or occurrence as the underlying claims. *See* Fed. R. Civ. P. 20(a)(2).

Here, Plaintiff's alleged claims against Judge McClusky, "Kim," and Nichole Buckle are meritless and frivolous. There is no evidence of wrongdoing. Plaintiff's baseless accusations escape the realm of plausibility, and the proposed amendment plainly does not meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b). Further, Plaintiff's alleged claims against Judge McClusky, "Kim," and Nichole Buckle are unrelated to his claims against the officers

regarding his arrest on June 21, 2018. Moreover, Judge McClusky is entitled to absolute immunity in her role as a Magistrate Judge. Therefore, Plaintiff's motion to amend is **DENIED as frivolous**.

### III. Motions for Sanctions

Plaintiff also seeks sanctions against Judge McClusky, "Kim," and Nichole Buckle, pursuant to Federal Rule of Civil Procedure 11. Record Documents 75 & 90. Plaintiff alleges that the above-named persons violated Rule 11(b) because they altered dates in the docket to prevent him from obtaining a default judgment. Rule 11(c) allows the Court to place sanctions on "any lawyer, law firm, or party" that has violated Rule 11(b). Fed. R. Civ. P. 11(c). The Court may not issue sanctions against Judge McClusky and "Kim" under Rule 11 because they are not parties to or attorneys in this litigation. Regardless, as stated above, Plaintiff's accusations are meritless.

As an attorney in this litigation, Nichole Buckle is subject to Rule 11. However, there is no evidence in the record that she violated Rule 11. As detailed above, Plaintiff's conclusory allegations are frivolous. As such, he is not entitled to any sanctions. Therefore, Plaintiff's motions for sanctions [Record Documents 75 & 90] are **DENIED as frivolous**.

### CONCLUSION

For the foregoing reasons, Plaintiff's motions are **DENIED**, and the Magistrate Judge's order is **AFFIRMED**. [Record Documents 74, 75, 76, 81, & 90].

**THUS DONE AND SIGNED** this 12 day of May, 2021.

```
_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE
```