b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CAMERON KEMP,<br>Plaintiff | CIVIL DOCKET NO. 5:19-CV-00799 |
| VERSUS | DISTRICT JUDGE FOOTE |
| DONALD BELANGER, JR., ET AL.,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Plaintiff Cameron Kemp ("Kemp") filed a Motion Pursuant to Fed. R. Civ. P. 5 (ECF No. 119), a Rule 59 Motion to Alter or Amend Judgment (ECF No. 127), and a Rule 59 Motion for Reconsideration (ECF No. 132). Those motions are DENIED.

### I. Kemp's Rule 5 Motion (ECF No. 119) is denied.

In his "Motion Pursuant to Fed. R. Civ. P. 5" (ECF No. 119), Kemp contends he did not receive answers from the "three new Defendants" who were "summoned" by the Court. Kemp complains that he was not sent a copy of their answers as required by Rule 5.

Kemp filed a "Motion to Amend/Correct Complaint" to add new Defendants. ECF No. 66. That Motion was denied. ECF No. 129. No summons were issued for new Defendants, and no answers were filed.

Therefore, Rule 5 was not violated and Kemp's Motion for copies of answers (ECF No. 119) is DENIED.

### II. Kemp's Rule 59 Motion to alter or amend judgment (ECF No. 127) is denied.

Kemp filed a Rule 59(b) Motion (ECF No. 127), asking that the Court's Judgment on the issue of use of excessive force be amended pursuant to Rule 59 to a "final judgment," so he can file an appeal.

The ruling dismissing Kemp's excessive force claim against Belanger is a partial judgment because it "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties" and did not end Kemp's action. *See* Fed. R. Civ. P. 54(b). A final, appealable judgment will be entered when all claims against all Defendant have been ruled on.[1] The Court has not failed to comply with the Federal Rules of Civil Procedures.

Kemp's Rule 59 Motion to alter or amend judgment (ECF No. 127) is DENIED.

---

[1] Courts may certify an interlocutory order as appealable if three conditions are met, namely: (1) the order involves a controlling question of law; (2) there is a substantial ground for difference of opinion concerning the legal question; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. The decision to permit an appeal under 1292(b) is firmly within the district court's discretion. *See Alexander v. City Police of Lafayette*, 2019 WL 5678376, at *2 (W.D. La. 2019) (citing *Cheney v. U.S. District Court for District of Columbia,* 542 U.S. 367, 405 n. 9 (2004)). Review under § 1292(b) is not a mechanism to question the correctness of a district court's ruling or to obtain a second, more favorable opinion. *See Alexander*, 2019 WL 5678376, at *2 (citing *McFarlin v. Conseco Serv., LLC,* 381 F.3d 1251, 1256 (11th Cir. 2004)). The issue for appeal must involve a question of law, not fact. *See Alexander*, 2019 WL 5678376, at *2 (citing *Clark-Dietz and Associates-Engineers, Inc. v. Basic Const. Co.,* 702 F.2d 67, 69 (5th Cir. 1983)). And a "question of law" does not mean the application of settled law to disputed facts. *See Alexander*, 2019 WL 5678376, at *2 (citing *McFarlin,* 381 F.3d at 1258; *Ahrenholz v. Board of Trustees of University of Illinois,* 219 F.3d 674, 676 (5th Cir. 2000)). The interlocutory ruling dismissing Kemp's § 1983 excessive force claim does not meet any of the factors for certification as appealable.

### III. Kemp's Rule 59 Motion for reconsideration (ECF No. 132) is denied.

Kemp filed a second Rule 59 Motion (ECF No. 132), asking that the District Judge's order (ECF No. 128) denying several of his Motions (ECF Nos. 94, 93, 101, 102, 120, 121, 122, 123) be reconsidered, altered, or amended. Kemp contends the district judge failed to give his motions proper consideration because they were dismissed "as frivolous" without reasons.

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration *per se*. *See Miller Pharmacy Services, L.L.C. v. AmerisourceBergen Drug Corp.*, 2021 WL 2627452, at *3 (W.D. La. 2021). However, a motion challenging a judgment or order may be filed under Rules 54, 59, or 60. *See Miller Pharmacy Services, L.L.C.*, 2021 WL 2627452, at *3. Rules 59 and 60 apply only to final judgments. *See Miller Pharmacy Services, L.L.C.*, 2021 WL 2627452, at *3. Rule 54(b) provides that any order "that adjudicates fewer than all the claims ... [among] all the parties ... may be revised at any time before the entry of a [final] judgment." *See Miller Pharmacy Services, L.L.C.*, 2021 WL 2627452, at *3.

"Under Rule 54[(b)], a district court has the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *See Miller Pharmacy Services, L.L.C.*, 2021 WL 2627452, at *3 (quoting *Iturralde v. Shaw Group, Inc.*, 512 Fed. Appx. 430, 432 (5th Cir. 2013). "Virtually all interlocutory orders may be altered or amended before final judgment if sufficient cause is shown." *See Miller Pharmacy Services, L.L.C.*, 2021 WL

2627452, at *3 (quoting *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 12 n. 14 (U.S. 1983)).

Courts evaluate motions to amend interlocutory orders under a "less exacting" standard than Rule 59(e), but, nevertheless, look to similar considerations for guidance. *See Miller Pharmacy Services, L.L.C.*, 2021 WL 2627452, at *3. "Virtually all interlocutory orders may be altered or amended before final judgment if sufficient cause is shown." *See Miller Pharmacy Services, L.L.C.*, 2021 WL 2627452, at *3 (citing *HBM Interests, L.L.C. v. Chesapeake Louisiana, L.P.*, 2013 WL 3893989, *1 (W.D. La. 2013)).

Therefore, in determining whether to grant the motion, the Court evaluates whether there are "manifest errors of law or fact upon which judgment is based[,]" whether "new evidence" is available, whether there is a need "to prevent manifest injustice," or whether there has been "an intervening change in controlling law." *See Miller Pharmacy Services, L.L.C.*, 2021 WL 2627452, at *3 (quoting *HBM Interests*, 2013 WL 3893989 at *1).

The Court finds none of these factors present. "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted." *See Ganpat v. Easter Pacific Shipping, PTE, Ltd.,* 2020 WL 1046336, at *2 (E.D. La. 2020) (citing *Livingston Downs Racing Association, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 481 (M.D. La. 2002). A motion for

reconsideration "is 'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order].'" *See Ganpat*, 2020 WL 1046336, at \*2 (quoting *Templet v. HydroChem Inc.,* 367 F.3d 473, 478-79 (5th Cir. 2004), cert. den., 543 U.S. 976 (2004)); *see also HBM Interests, L.L.C.,* 2013 WL 3893989 at \*1. Likewise, speculative allegations do not constitute "new evidence" that supports a Motion for Reconsideration.

All but one of Kemp's motions allege malfeasance against state and federal court officers, judges, and the Defendants, and ask for Rule 11 sanctions. Kemp's motions for sanctions are based on allegations of "malfeasance," of "falsifying facts," and of "bias," and were filed when his motions were denied. Kemp's motions were based on mere allegations and lack evidentiary support. Moreover, Kemp has not alleged any new evidence to support his motions, but instead simply rehashes his previous arguments as to bias and prejudice. ECF No. 132.

Because Kemp merely disagrees with the Court's prior orders, and there is no independent reason for reconsideration, Kemp's Rule 59 motion for reconsideration (ECF No. 132) is DENIED.

THUS DONE AND SIGNED in chambers at Alexandria, Louisiana on this \_2nd\_ day of November 2021.

                                                           Joseph H.L. Perez-Montes
                                                           United States Magistrate Judge