b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CAMERON KEMP,                          CIVIL DOCKET NO. 5:19-CV-00799
Plaintiff

VERSUS                                 DISTRICT JUDGE FOOTE

DONALD BELANGER, JR., ET
AL.,                                   MAGISTRATE JUDGE PEREZ-MONTES
Defendants

---

## REPORT AND RECOMMENDATION

Plaintiff Cameron Kemp ("Kemp") filed a Motion for Summary Judgment. ECF No. 109.  Defendants filed a cross-Motion for Summary Judgment (ECF No. 114) which Kemp opposes (ECF No. 126).

Defendants arrested Kemp pursuant to a valid arrest warrant.  Kemp has failed to show that Defendants did not have probable cause to seize marijuana and paraphernalia.  And Kemp lacks standing to contest the seizure of the marijuana from his neighbor's backyard.  Thus Defendants' Motion for Summary Judgment (ECF No. 114) should be GRANTED, and Kemp's Motion for Summary Judgment (ECF No. 109) should be DENIED.

## I.   Background

Kemp filed a *pro se* civil rights Complaint pursuant to 28 U.S.C. § 1983 (ECF No. 1), and filed Amended and Supplemental Complaints (ECF Nos. 3, 7, 8, 12) with exhibits (ECF No. 26).  The named remaining defendants are Carlos Glass-Bradley, Daniel Albrecht, Ryan Holley, and Donald Belanger, all employed by the Shreveport

Police Department.  Kemp contends that on June 21, 2018 he was falsely arrested by Defendants on a "fake fugitive warrant," Defendants searched his residence without a warrant or probable cause; and retaliated against Kemp for filing a complaint with the ACLU.  Kemp also alleges claims as to a related charge in December 2016, for domestic abuse battery, and for a search and arrest (that he contends involved the use of excessive force) in April 2019.  Kemps seeks monetary damages.  Kemp is currently residing in Shreveport, Louisiana.  ECF No. 59.

Defendants filed a Motion for Summary Judgment (ECF No. 27) that was granted (ECF No. 33).  Several Defendants[1] and Kemp's perjury claim against Belanger were dismissed.  ECF No. 33.  Kemp's claim against Belanger relating to his conviction arising from the April 3, 2019 arrest was also dismissed until the conditions of *Heck v. Humphrey,* 512 U.S. 477 (1994), are met.  ECF No. 33.  The Court stayed Kemp's claims relating to his pending 2018 charge for possession of marijuana with intent to distribute.  ECF No. 33.  Finally, the Court dismissed all of Kemp's remaining claims, with the exception of his excessive force claim against Belanger (the 2019 arrest).  ECF No. 33.  That claim was subsequently dismissed when Belanger's Motion for Summary Judgment (ECF No. 37) was granted.  ECF No. 70.

---

[1] Judge Lee Irvin, Judge Erin Garret, Assistant District Attorney Ross Owen, and Prosecutor Monique Davis.   ECF No. 33.

Kemp filed a Motion to Lift Stay (ECF No. 49) and the Court lifted the Stay of Kemp's claims relating to his June 21, 2018 arrest.  ECF No. 57.  Those claims are: (1) that Glass-Bradley falsely arrested him, subsequently lying in an arrest report about the probable cause for arrest; (2) that Glass-Bradley, Albrecht, Holley and Belanger searched his residence without a warrant; and (3) that Glass-Bradley, Albrecht, Holley, and Belanger arrested him in retaliation for a 2012 ACLU complaint he had filed against them.  ECF. No. 70.  Defendants then answered the Complaints.  ECF Nos. 23,  64.

Kemp filed a Motion for Summary Judgment.  ECF No. 109.  In response, Defendants filed a cross-Motion for Summary Judgment.  ECF No. 114.

## II.    Law and Analysis

### A.    Summary Judgment Standard

Under Rule 56 of the Federal Rules of Civil Procedure, a court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Paragraph (e) of Rule 56 also provides the following:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
> (1) give an opportunity to properly support or address the fact;
> (2) consider the fact undisputed for purposes of the motion;
> (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or

(4) issue any other appropriate order.[2]

"A genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Hefren v. McDermott, Inc.*, 820 F.3d 767, 771 (5th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  In deciding a motion for summary judgment, a court must construe all facts and draw all inferences in the light most favorable to the non-movant.  *See Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).  However, a mere scintilla of evidence is insufficient to defeat a motion for summary judgment. *See Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999).

**B.    Kemp's Motion for Summary Judgment should be denied, and Defendants' Motion for Summary Judgment should be granted.**

Kemp's remaining claims are: (1) that Glass-Bradley falsely arrested him in 2018, subsequently lying in an arrest report about the probable cause for arrest; (2) that Glass-Bradley, Albrecht, Holley and Belanger searched his residence without a warrant in 2018; and (3) that Glass-Bradley, Albrecht, Holley, and Belanger arrested him in 2018 in retaliation for a 2012 ACLU complaint he had filed against them.  ECF. No. 70.

---

[2] Local Rule 56.2W (formerly 2.10W) also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted unless the opposing party controverts those facts.

1. <u>**Kemp's Motion for Summary Judgment as to previously dismissed claims and Defendants should be denied as moot.**</u>

Kemp has continued to argue his previously dismissed claims as to his 2016 and 2019 arrests, and his claims against Defendants who have already been dismissed. Those arguments and claims will not be considered. Kemp's Motion for Summary Judgment (ECF No. 109) as to previously dismissed claims and defendants should be denied as moot.

2. <u>**Kemp's Motion for Summary Judgment as to non-party Sergeant Willis should be denied.**</u>

Kemp moves for a summary judgment against the four named Defendants and their supervisor, Sergeant Scebern Willis ("Willis"). Kemp's previous Motion to Amend Complaint to add Willis as a Defendant (ECF No. 66-1 at 19) was denied (ECF No. 129).

"It is elementary that one is not bound by a judgment *in personam* resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process." *In re Liljeberg Enterprises, Inc.*, 304 F.3d 410, 468 (5th Cir. 2002) (quoting *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 395 U.S. 100, 110 (1969); *see also Hansberry v. Lee*, 311 U.S. 32, 40 (1940); *Southern Capitol Enterprises, Inc. v. Conseco Services, L.L.C.,* 476 F. Supp. 2d 589, 599 (M.D. La. 2007). "The consistent constitutional rule has been that a court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." *Zenith Radio Corp.,* 395 U.S. at 110.

5

Because Willis was never made a Defendant in this case and has never been served, Kemp's Motion for Summary Judgment (ECF No. 109) against Willis should be denied for lack of personal jurisdiction.

### 3. <u>Kemp was arrested in 2018 pursuant to a warrant issued in 2016.</u>

Kemp contends Officer Glass-Bradley falsely arrested him and lied in the arrest report.  ECF No. 109 at 2.  Kemp argues there was no arrest warrant, that the warrant was signed after he was arrested in 2018, and that he was arrested without probable cause.   Kemp submitted documentary evidence including: (1) Glass-Bradley's arrest report (Ex. 1A) and supplement (Ex. 1C); (2) reports from the internal affairs investigation; and (3) public records.  ECF No. 109-1.

Defendants submitted Kemp's arrest warrant, dated December 9, 2016, on a complaint of domestic abuse battery.  ECF No. 114-3 at 14.  Probable cause for that warrant is set forth in an affidavit by Officer Haygood.   ECF No. 114-3 at 13.  Although Kemp alleges the warrant was signed after his arrest in 2018, there is no evidence to support that claim.  The warrant is dated December 9, 2016.

Therefore, Kemp's claim that he was arrested without probable cause in 2018 is meritless.

Because there are no genuine issues of material fact which preclude a summary judgment on the issue of whether there was probable cause to arrest Kemp, Defendants' Motion for Summary Judgment (ECF No. 114) should be

granted, and Kemp's Motion for Summary Judgment (ECF No. 109) should be denied as to that issue.

### 4.   Kemp's residence was searched without a warrant, but the search was based on probable cause.

Kemp next argues that, in 2018, Glass-Bradley, Albrecht, Holley and Belanger searched his residence without a warrant.  In his Motion to Lift Stay (ECF No. 49), Kemp contended that the charges against him from his June 21, 2018 arrest were dismissed by the State of Louisiana on September 30, 2020.

Kemp was arrested, pursuant to an arrest warrant for domestic abuse battery, at his home on June 21, 2018.  At the time of Kemp's arrest, drug paraphernalia and a small amount of marijuana in a jar were found in plain view on his living room floor, and about one pound of marijuana was found in a bag on the ground outside of Kemp's open north bedroom window.  The marijuana and paraphernalia that were found resulted in an additional charge being made against Kemp.

Kemp claims the officers searched his residence without a warrant or probable cause.

In his arrest report dated June 21, 2018, Officer Glass-Bradley stated that Kemp was contacted "via arrest warrant."  ECF No. 109-1 at 3.  Kemp opened the front door when he heard the officers outside, then closed the door, and the officers heard running through the residence before Kemp returned to the officers.  ECF No.

109-1 at 3.  Glass-Bradley stated they "observed a strong order of marijuana coming from the residence."  ECF No. 109-1 at 3.  "Located on the living room floor in plain sight view was a jar of marijuana."  ECF No. 109-1 at 3.  Glass-Bradley further stated in his report that a large bag containing about one pound of marijuana was found outside the open north bedroom window.   ECF No. 109-1 at 3.

In a Supplemental Report on June 24, 2018, Glass-Bradley explained that a "street level interdiction unit" was conducting a city-wide warrant operation to target persons with outstanding fugitive warrants.  ECF No. 109-1 at 11.  Glass-Bradley again stated there was a strong odor of marijuana coming from inside Kemp's residence; Kemp opened the front door, the agents identified themselves, then Kemp closed the door and could be heard running to the rear (north) of the residence.  ECF No. 109-1 at 11.

Agents located outside of the residence ran to the backyard and heard a window open, but Kemp did not exit.  ECF No. 109-1 at 11.  Agents found a bag of about one pound of marijuana, in a red retail bag, in the neighbor's back yard, next to the fence and in front of the window Kemp had opened.  ECF No. 109-1 at 11. Kemp returned to the front door as the Agents were entering.  ECF No. 109-1 at 11. There was a jar of marijuana, a digital scale, and packaging material in plain sight on the living room floor.  ECF No. 109-1 at 11.  Glass-Bradley stated that, when Kemp saw Agents carrying the red bag, Kemp stated, "[t]hat weed ain't mine,"

before he had been told or shown what was in the bag.  ECF No. 109-1 at 11.  Kemp was arrested and transported to the city jail.  ECF No. 109-1 at 11.

In addition to the charge listed in the arrest warrant, Kemp was charged with possession with intent to distribute marijuana.  ECF No. 114-3 at 15.  The charges against Kemp were dismissed by the State.  ECF No. 49.  Kemp contends there was no probable cause to search his home.  However, dismissal of a charge does not mean there was no probable cause to search.

The reports and evidence do not indicate that there was a full search of Kemp's entire residence.  In any event, the only items seized were those seen by the officers on the living room floor (when they entered the home to arrest Kemp) and on the ground outside of an open window.

       a.    **The Defendants had probable cause to seize the marijuana found on Kemp's living room floor.**

The Defendant officers were present at Kemp's residence pursuant to an arrest warrant.  A search incident to a lawful arrest is an exception to the warrant requirement.  *Gant*, 556 U.S. at 338, 129 S. Ct. 1710.  Officers may perform searches incident to a constitutionally permissible arrest (meaning any lawful arrest based on probable cause) in order to ensure their safety and safeguard evidence.  *See Virginia v. Moore*, 553 U.S. 164, 176 (U.S. 2008) ("A custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment; *that intrusion being lawful,* a search incident to the arrest requires no additional

justification.").  Moreover, the plain view exception allows officers to seize evidence in plain view if they are lawfully in the position from which they view the evidence, the incriminating nature of the evidence is immediately apparent, and the officers have a lawful right of access to the evidence.  *See United States v. De Jesus-Batres*, 410 Fed.3d 154, 159 (5th Cir. 2005).

The officers were lawfully present at Kemp's home to arrest him pursuant to the arrest warrant.  After Kemp opened the front door to the officers, the officers entered the residence pursuant to the arrest warrant and saw marijuana and drug paraphernalia sitting nearby, in plain view, on the living room floor.  The officers did not need a search warrant to seize that evidence pursuant to the arrest exception and the plain view exception.

Because both the arrest exception and the plain view exception apply to the warrant requirement for the seizure of the marijuana and paraphernalia found on the floor near Kemp when he was arrested, Defendants had probable cause to seize that evidence without a warrant.  Kemp's complaint that his residence was searched without a warrant or probable cause is meritless.

Because there are no genuine issues of material fact which preclude a summary judgment on the issue of whether Defendants had probable cause to seize the marijuana and paraphernalia found in plain view when Kemp was arrested, Defendants' Motion for Summary Judgment (ECF No. 114) should be granted, and

Kemp's Motion for Summary Judgment (ECF No. 109) should be denied, as to that issue.

        b.      <u>**Kemp does not have standing to contest the search and seizure that took place in his neighbor's backyard.**</u>

When the officers heard Kemp running through the house, they moved to the back of the house to stop him from fleeing through the back. The officers noted an open window in Kemp's house and found and seized a pound of marijuana in a bag that was lying on the ground in Kemp's neighbor's backyard, near the fence and under Kemp's open window.

The marijuana was found in Kemp's neighbor's backyard, not in Kemp's yard. Kemp has not shown that he has standing to complain about a search and seizure on his neighbor's property.

Whether a defendant has standing to contest the validity of a search "depends on (1) whether the defendant is able to establish an actual, subjective expectation of privacy with respect to the place being searched or items being seized, and (2) whether that expectation of privacy is one which society would recognize as reasonable." *United States v. Gomez*, 276 F.3d 694, 697 (5th Cir. 2001) (citing *United States v. Kye Soo Lee,* 898 F.2d 1034, 1037-38 (5th Cir. 1990)). The defendant bears the burden of proving not only that the search was illegal, but also that he had a legitimate expectation of privacy in the place searched. *See Rawlings v. Kentucky,* 448 U.S. 98, 104 (1980).

The difficult question is whether Defendants' expectation of privacy in a place "is one which society would recognize as reasonable." *See Gomez*, 276 F.3d at 697–98 (citing *Kye Soo Lee,* 898 F.2d at 1037-38). Fourth Amendment rights are individually held and cannot be asserted solely by reference to a particular place. The factors to be weighed include: (1) whether the defendant has a possessory interest in the thing seized or the place searched; (2) whether he has the right to exclude others from that place; (3) whether he has exhibited a subjective expectation that it would remain free from governmental invasion; (4) whether he took normal precautions to maintain his privacy; and (5) whether he was legitimately on the premises. *See Gomez*, 276 F.3d at 697–98.

There is no standing to contest a search and seizure if a defendant: (a) was not on the premises at the time of the contested search and seizure; (b) had no proprietary or possessory interest in the premises; and (c) is not charged with an offense that includes, as an essential element of the offense charged, possession of the seized evidence at the time of the contested search and seizure. *See United States v. Hunt*, 505 F. 2d 931, 939 (5th Cir. 1974), *cert. den.*, 421 U.S. 975 (1975) (citing *Brown v. United States*, 411 U.S. 223, 229 (1973)); *see also U.S. v. Kelley*, 140 F.3d 596, 602 n. 3 (5th Cir. 1998), cert. den., 525 U.S. 908 (1998); *U.S. v. Williams*, 613 F.2d 560, 563 (5th Cir. 1980); *U.S. v. Evans,* 572 F. 2d 455, 586 (5th Cir. 1978), cert. den. *sub nom.,* 439 U.S. 870 (1978); *U.S. v. Foster*, 506 F.2d 444, 445 (5th Cir. 1975), cert. den., 421 U.S. 950 (1975).

Kemp was not in his neighbor's backyard at the time he was arrested and the bag of marijuana was seized from that yard.  Nor has Kemp shown that, he had a proprietary or possessory interest in his neighbor's backyard.  Moreover, the charge against Kemp for the marijuana found in his neighbor's backyard was dismissed. Without a possessory interest in his neighbor's backyard, Kemp could neither exclude the officers from that yard nor take precautions to maintain the privacy of that property.  *See United States v. Setser*, 568 F.3d 482, 491 (5th Cir. 2009), cert. den., 558 U.S. 963 (2009).

Kemp did not have a reasonable expectation of privacy in his neighbor's backyard.  Therefore, Kemp does not have standing to contest the search and seizure that took place in his neighbor's backyard.

Because there are no genuine issues of material fact which preclude a summary judgment on the issue of whether Kemp has standing to contest the seizure of the bag of marijuana from his neighbor's backyard, Defendants' Motion for Summary Judgment (ECF No. 114) should be granted and Kemp's Motion for Summary Judgment (ECF No. 109) should be denied as to the issues regarding the seizure of that evidence.

### 5.   <u>Kemp's claim of a retaliatory arrest should be dismissed.</u>

Finally, Kemp alleges that Glass-Bradley, Albrecht, Holley, and Belanger arrested him in 2018 in retaliation for a 2012 ACLU complaint he had filed against them.

13

Retaliation for the exercise of a constitutional right is actionable, even if the act, when taken for different reasons, would have been proper. *See Woods v. Smith*, 60 F.3d 1161, 1165 (5th Cir. 1995), cert. den., 516 U.S. 1084 (1996).   To state a retaliation claim, a claimant "must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the [claimant] for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *See Lockamy v. Rodriguez*, 402 Fed. Appx. 950, 951-52 (5th Cir. 2010) (citing *Jones v. Greninger,* 188 F.3d 322, 324–25 (5th Cir. 1999)).

The claimant must be prepared to establish that, but for the retaliatory motive, the complained of incident would not have occurred.   Mere conclusory allegations of retaliation will not withstand a summary judgment challenge.   The claimant must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred. *See Woods*, 60 F.3d at 1166; *see also Lockamy*, 402 Fed. Appx. at 952.

Sergeant Willis stated in an interview in May 2019 that: a warrant had been issued for Kemp for domestic abuse battery in December 2016; the officers were "working a warrants operation in June of 2018, and they were given a packet generated for that particular warrant"; and Willis was the supervisor on scene when Kemp's warrant was executed.   ECF No. 109-1 at 8.   Willis stated that he did not complete any of the paperwork documenting Kemp's June 21, 2018 arrest.   ECF No. 109-1 at 3.

14

Glass-Bradley stated in a May 2019 internal affairs interview that he was present when Kemp was arrested on June 21, 2018 on an outstanding warrant for domestic abuse battery, as well as narcotics charges, but that he was not involved in obtaining the arrest warrant.  ECF No. 109-1 at 9.  Glass-Bradley completed the paperwork to document the arrest for the narcotics violation, while Albrecht completed the paperwork for execution of the arrest warrant.  ECF No. 109-1 at 9.

In his affidavit (ECF No. 114-3 at 1), Glass-Bradley stated that no member of the "Street Level Interdiction Unit" that arrested Kemp had participated in the investigation of the 2016 complaint against Kemp for domestic abuse battery or submitted any affidavits in supports of the arrest warrant.  The warrant was obtained by Officer Haygood.  ECF No. 114-3 at 2.

Holley stated in a May 2019 internal affairs interview that he was present when Kemp was arrested in June 2018, but he did not generate any of the paperwork to obtain that arrest warrant.  ECF No. 109-1 at 9.

It is plain that Kemp cannot establish causation because he cannot show that, but for his having filed a complaint against Defendants with the ACLU, he would not have been arrested.  Kemp was arrested because he committed domestic abuse battery on his girlfriend in 2016, she reported it, and a warrant was obtained for his arrest.  Therefore, Kemp has not shown that Defendants arrested him in retaliation for his having filed a complaint against them with the ACLU in 2012.

15

Because there are no genuine issues of material fact which preclude a summary judgment on the issue of retaliation, Defendants' Motion for Summary Judgment (ECF No. 114) should be granted and Kemp's Motion for Summary Judgment (ECF No. 109) should be denied as to that issue.

## III.   Conclusion

Based on the foregoing;

IT IS RECOMMENDED that Kemp's Motion for Summary Judgment (ECF No. 109) as to the previously dismissed claims and defendants be DENIED AS MOOT.

IT IS RECOMMENDED that Kemp's Motion for Summary Judgment (ECF No. 109) against Willis be DENIED for lack of personal jurisdiction.

IT IS RECOMMENDED that Defendants' Motion for Summary Judgment (ECF No. 114) be GRANTED, and Kemp's Motion for Summary Judgment (ECF No. 109) be DENIED on the issue of whether Defendants had probable cause to arrest Kemp.

IT IS RECOMMENDED that Defendants' Motion for Summary Judgment (ECF No. 114) be GRANTED, and Kemp's Motion for Summary Judgment (ECF No. 109) be DENIED on the issue of whether Defendants had probable cause to seize the marijuana and paraphernalia found in plain view when Kemp was arrested.

IT IS RECOMMENDED that Defendants' Motion for Summary Judgment (ECF No. 114) be GRANTED, and Kemp's Motion for Summary Judgment (ECF No.

109) be DENIED on the issue of whether Defendants had probable cause to seize the bag of marijuana from Kemp's neighbor's backyard.

IT IS RECOMMENDED that Defendants' Motion for Summary Judgment (ECF No. 114) be GRANTED, and Kemp's Motion for Summary Judgment (ECF No. 109) be DENIED on the issue of retaliation.

Finally, IT IS RECOMMENDED that Kemp's claims be DISMISSED WITH PREJUDICE and this docket be CLOSED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings

or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __2nd__ day of November, 2021.

Joseph H.L. Perez-Montes
United States Magistrate Judge

18