c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CAMERON KEMP, Plaintiff | CIVIL DOCKET NO. 5:19-CV-00799 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| DONALD BELANGER, JR., *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is *pro se* Plaintiff Cameron Kemp's ("Kemp's") Motion for Summary Judgment (ECF No. 164). The specific basis for Kemp's motion is not clearly articulated. But the Court construes his allegations broadly, and infers that Kemp argues there are no genuine issues of material fact as to his remaining claims.[1] Defendant Donald Belanger ("Belanger") opposes. ECF No. 175.

Because Kemp fails to present sufficient evidence to meet the summary judgment standard, and because he fails to establish there is no genuine issue of material fact entitling him to judgment as a matter of law, Kemp's Motion for Summary Judgment (ECF No. 164) should be DENIED.

I. **Background**

Kemp filed a pro se civil rights Complaint pursuant to 28 U.S.C. § 1983 (ECF No. 1), and Amended and Supplemental Complaints (ECF Nos. 3, 7, 8, 12, 13).

---

[1] Although it is captioned as a summary judgment motion, no exhibits are attached.

The Court dismissed Kemp's claims with prejudice. ECF Nos. 138, 140. The United States Court of Appeal for the Fifth Circuit affirmed summary judgment as to all other Defendants, but reversed as to his excessive force claim against Belanger with respect to Kemp's 2019 arrest. ECF No. 151; *see also Kemp v. Belanger*, 21-30752, 2023 WL 2447442, at *1 (5th Cir. Mar. 10, 2023). Thus, Kemp's case was reopened, and Kemp's excessive force claim against Belanger is the sole remaining claim. ECF No. 152.

Kemp alleges that in early 2019, more than twenty officers amassed outside his home. An animal control officer then "lured [Kemp] to the street," where, he insists, he was ambushed by the officers. Kemp alleges that, out of fear for his life, he surrendered peacefully without resistance, posing no threat to the officers. He claims, however, that Belanger cuffed him and then swept his legs, sending him crashing to the ground and causing injury. *See Kemp*, 2023 WL 2447442, at *1.

Now, Kemp appears to seek summary judgment as to his remaining claim against Belanger. ECF No. 164. Belanger opposes. ECF No. 175.

## II. Law and Analysis

### A. A movant is entitled to judgment as a matter of law where there is no genuine dispute as to any material fact.

Under Rule 56 of the Federal Rules of Civil Procedure, a court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Paragraph (e) of Rule 56 also provides the following:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
> (1) give an opportunity to properly support or address the fact;
> (2) consider the fact undisputed for purposes of the motion;
> (3) grant summary judgment if the motion and supporting materials-- including the facts considered undisputed--show that the movant is entitled to it; or
> (4) issue any other appropriate order.[2]

"A genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Hefren v. McDermott, Inc.*, 820 F.3d 767, 771 (5th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In deciding a motion for summary judgment, a court must construe all facts and draw all inferences in the light most favorable to the non-movant. *See Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). However, a mere scintilla of evidence is insufficient to defeat a motion for summary judgment. *See Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999).

### B. Kemp's Motion for Summary Judgment (ECF No. 164) fails to establish there is no genuine issue of material fact entitling him to summary judgment.

Kemp submits an 81-page motion that consists of argument and what appears to be his personal summary of his alleged medical treatment. ECF Nos. 164, 164-1. Generally, it appears Kemp is re-urging arguments concerning whether Belanger

---

[2] Local rule 56.2W (formerly 2.10W) also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

3

used excessive force and whether his injuries were more than *de minimis*. ECF No. 164 at 3.

Belanger asserts the motion should be denied as to any claims other than the sole remaining excessive force claim against him. ECF No. 175. And he asserts the Fifth Circuit already held that a genuine issue of material fact remains as to Kemp's excessive force claim. *Id.* Moreover, Kemp offers no new evidence or legal authority in support of summary judgment. *Id.*

This Court initially granted summary judgment in favor of Belanger. However, the Fifth Circuit determined that a genuine dispute of material fact remained over whether Belanger's force was excessive given the circumstances. ECF No. 151 at 7; *see also Kemp*, 2023 WL 2447442, at *3.

Kemp re-urges arguments as to claims no longer before the Court. And he offers conclusory arguments concerning his sole remaining excessive force claim against Belanger. But, the motion fails to present any evidence sufficient to support summary judgment. And Kemp's motion essentially seeks the same relief as previously ruled upon by the Fifth Circuit as to whether Belanger used excessive force and whether his injuries are more than *de minimis*.

Therefore, a genuine issue of material fact remains as to Kemp's excessive force claim against Belanger for his 2019 arrest. Summary judgment is unwarranted.

### III. Conclusion

Considering the redundancy of Kemp's motion, and because he fails to establish there is no genuine issue of material fact entitling him to summary judgment;

IT IS RECOMMENDED that Kemp's Motion for Summary Judgment (ECF No. 164) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed. R. Civ. P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

      THUS DONE AND SIGNED in Alexandria, Louisiana, on this \_\_23rd\_\_ day of January 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE