UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CAMERON KEMP #72818/185628 | CIVIL ACTION NO. 19-799 SEC P |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| DONALD BELANGER JR., ET AL. | MAGISTRATE JUDGE PEREZ-MONTES |

**MEMORANDUM ORDER**

Before the Court is an appeal of the magistrate judge's denial of pro se Plaintiff Cameron Kemp's motion for joinder of parties and amendment of pleadings. [Record Document 170]. On July 28, 2024, Kemp filed a motion for joinder of parties and amendment of pleadings. [Record Document 156]. On December 18, 2023, Magistrate Judge Perez-Montes issued a ruling that denied Kemp's motion. The appeal has been fully briefed.

Under the Federal Magistrate Act, a magistrate judge may issue binding rulings on non-dispositive matters. 28 U.S.C. § 636(b)(1)(A). A party that objects to such a ruling may appeal to the district judge who "must . . . modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). A clear error standard applies to a magistrate judge's findings of fact, while legal conclusions are reviewed de novo. *See Spillers v. Chevron USA Inc.*, No. 11-2163, 2013 WL 869387, at *3 (W.D. La. Mar. 6, 2013) (citing *Choate v. State Farm Lloyds*, No. 03-2111, 2005 WL 1109432, at *1 (N.D. Tex. May 5, 2005)). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction

that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). Hence, reversal of a factual finding is improper whenever the "magistrate judge's 'account of the evidence is plausible in light of the record viewed in its entirety.'" *Smith v. Smith*, 154 F.R.D. 661, 665 (N.D. Tex. 1994) (quoting *Resolution Tr. Corp. v. Sands*, 151 F.R.D. 616, 619 (N.D. Tex. 1993)).

Magistrate Judge Perez-Montes denied Kemp's motion and found that Kemp was permitted several opportunities to amend his complaint over the past four and a half years. Record Document 168 at 1. He also found that "Kemp's motion contains neither facially plausible claims nor any meaningful explanation for the delay in the proposed amendment." *Id.* at 3. Moreover, "neither Fed. R. Civ. P. 15 nor governing jurisprudence would favor leave to amend at this point, and under these circumstances, in any decisive respect . . . [because] the delay and substantial prejudice that would result from amendment at this stage would be pivotal, if not decisive, here." *Id.* at 2-3.

A significant portion of Kemp's appeal centers on unsubstantiated claims that Magistrate Judge Perez-Montes—along with the other "Magistrate Judges assigned to this case"[1]—denied this motion and others because he is acting in conspiracy with Defendant Donald Belanger.[2] Record Document 170 at 7-8. The rest of his appeal is comprised of copy and paste recitations of the judicial canons of conduct, statutes, and case law that he

---

[1] Magistrate Judge Perez-Montes is the only magistrate judge currently assigned to this case.
[2] The Court will note that a judge does not commit an ethical violation when he issues a ruling that a party perceives to be unfavorable to his case. Indeed, the very nature of a contested motion is that one party might receive a ruling that—although sound in its analysis—may still negatively impact his case.

contends prove these additional claims. Kemp fails to provide any explanation as to why he waited four and a half years to join these parties or bring these specific claims. Nor does he address the highly prejudicial nature of his request.

The Court is not required to grant a motion for joinder of parties and amendment of the pleadings just because the scheduling order permits one to be filed. To grant Plaintiff's request would require additional discovery, which is simply not feasible this close to the trial and pretrial dates. Plaintiff had four and a half years to amend his complaint and to join any additional parties. In that time, he filed four amended complaints. *See* Record Documents 3, 7, 12, and 13. Kemp has not provided any good faith reason to support why he should be permitted leave to file a fifth amended complaint. In short, the Court finds that Magistrate Judge Perez-Montes did not err in denying Kemp's motion.

Accordingly, Magistrate Judge Perez-Montes's ruling is **AFFIRMED**.

**THUS DONE AND SIGNED** this 5th day of February, 2024.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE