**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| CAMERON KEMP #72818/185628 | CIVIL ACTION NO. 19-799 SEC P |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| DONALD BELANGER, JR., ET AL. | MAGISTRATE JUDGE PEREZ-MONTES |

## ORDER

Before the Court is a motion to recuse, filed by pro se Plaintiff, Cameron Kemp ("Kemp"). Record Document 220. In his motion, Kemp seeks to have Magistrate Judge Perez-Montes recused from this matter. For the following reasons, Kemp's motion is denied.

"A motion to recuse must be strictly construed for form, timeliness, and sufficiency in order to guard against the danger of frivolous attacks on the orderly process of justice." Sanders v. Christwood, L.L.C., No. CV 17-9733, 2020 WL 7417995, at *3 (E.D. La. Dec. 18, 2020). A motion to recuse must be supported by specific facts which must not only convince a reasonable man that bias exists but also establish that the bias is personal, rather than judicial, in nature. Henderson v. Dep't of Pub. Safety & Corr., 901 F.2d 1288, 1296 (5th Cir. 1990). Here, Kemp's fifty-seven page motion presents no facts to support a finding of bias, much less one that is personal in nature. In other words, Kemp has identified no facts that would convince a reasonable person that Magistrate Judge Perez-Montes has any actual personal bias against him or in favor of the Defendants.

Magistrate Judge Perez-Montes has not shown bias, prejudice, or partiality simply because he has ruled against Kemp. As the Fifth Circuit has explained, "a judge does not show bias merely because he has formed and expressed an opinion, in light of the evidence

1

before him, regarding a plaintiff's ability to prove [his] case." Raborn v. Inpatient Mgmt. Partners, Inc., 352 F. App'x 881, 884 (5th Cir. 2009). Kemp's disagreement with legal conclusions reached by a judge is insufficient to demonstrate prejudice or inequitable treatment, nor does it come close to establishing a basis for recusal. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994); see Raborn, 352 F. App'x at 884 ("An adverse ruling, by itself, is not evidence of bias."). For these reasons, Kemp's motion must be denied.

However, the Court must also note, as a practical matter, that the Magistrate Judge is unlikely to be further involved in this matter. Kemp's civil rights claim is scheduled to proceed to a jury trial on Monday, March 18, 2024. That is a mere two business days from the date of this order. As this Court has explained to Kemp in the past, it is the undersigned, not the Magistrate Judge, who will be presiding over his trial; it is the undersigned who has made and who will continue to make the dispositive decisions in this case; and it is the undersigned who is deciding the admissibility of the parties' evidence and arguments to the jury. Assuming arguendo that Magistrate Judge Perez-Montes has a bias against Kemp—a proposition with which this Court strongly disagrees—, his personal feelings are immaterial, as the undersigned is the judicial officer presiding over the upcoming trial.

Accordingly, Kemp's motion to recuse [Record Document 220] be and is hereby **DENIED**.

**THUS DONE AND SIGNED** this 14th day of March, 2024.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE

2