UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CAMERON KEMP #72818/185628 | CIVIL ACTION NO. 19-799 SEC P |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| DONALD BELANGER JR., ET AL. | MAGISTRATE JUDGE PEREZ-MONTES |

## ORDER

Before the Court are several motions filed by Plaintiff Cameron Kemp ("Kemp"), including a motion for a new trial, a motion to alter and/or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e), a motion for reconsideration, a motion for judgment as a matter of law, and a motion for judgment notwithstanding the verdict. [Record Document 230]. However, Kemp's brief focuses solely on the motion for a new trial, and—other than including them in the title and in his concluding sentence—he does not raise, address, or make any arguments regarding his other "motions." As such, the Court will address only Kemp's motion for a new trial pursuant to Federal Rule of Civil Procedure 59(a)(1)(A) below.

Under Federal Rule of Civil Procedure 59(a)(1)(A), the Court "may, on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." A court may grant a new trial if it finds that "the verdict is against the weight of evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed . . . ." *Seidman v. Am.*

*Airlines, Inc.*, 923 F.2d 1134, 1140 (5th Cir. 1991) (quoting *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985)). As explained by the Fifth Circuit:

> Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial. Ultimately the motion invokes the sound discretion of the trial court, and appellate review of its ruling is quite limited.

*Sibley v. Lemaire*, 184 F.3d 481, 487 (5th Cir. 1999) (quoting *Del Rio Distributing, Inc. v. Adolph Coors Co.*, 589 F.2d 176, 179 n.3 (5th Cir. 1979)).

Kemp represents that he is entitled to a new trial because a "mistrial has occurred." Record Document 230 at 2. Kemp only materially advances two arguments in support of this assertion: first, that the jury "ignored the evidence and the law in reaching its verdict" and second, that there was "racial discrimination in jury selection." *See id.* at 4, 12.

As to his first argument, the Court does not find that the jury's verdict was erroneous. Instead, Kemp merely disagrees with the jury's factual determinations and continues to misunderstand the Fifth Circuit's opinion on the application of qualified immunity in this case. For example, Kemp claims that the jury "ignored" the Court's jury instruction on qualified immunity. *Id.* at 10. The Court instructed the jury that "[i]n this case, the clearly established law at the time was that an officer cannot forcefully slam a detainee's body when the detainee is handcuffed and subdued. Defendant Donald Belanger agrees that this is the clearly established law guiding this situation." Record Document 244 at 8. Kemp represents that "Defendant testified under oath, that the Plaintiff, Cameron Kemp, surrendered himself peacefully and he was handcuffed with no resisting. This is the evidence that was the jury instructions, instructed the jurors to use." Record Document 230 at 10. Just because the

2

Court instructed the jury on the clearly established law at the time does not necessarily mean that the Court is endorsing Kemp's position that he acted peacefully during and after his detention. Additionally, Kemp appears to either misrepresent or misunderstand Defendant's position, which was that Kemp became belligerent and violent *after* he was detained, at which time force was required to subdue him. *See* Record Document 186 at 4. Ultimately, whether Kemp was acting violently after he was subdued was a factual determination for the jury to make. The Court does not find that the jury's determination in favor of Defendant was against the weight of the evidence. Instead, it was a viable interpretation of the evidence presented during the trial.

As to Kemp's assertion that there was racial discrimination during jury selection, Kemp made an oral *Batson* challenge at the time. *See* Record Document 234 at 2. The Court found that Ms. Buckle, counsel for Defendant, articulated a neutral explanation regarding each of her peremptory challenges for each juror stricken. Kemp was unable to prove that her reasons were pretext for discrimination. As such, the Court overruled Kemp's *Batson* challenge. The Court will also note that three black individuals served on the jury.

In summary, the Court finds that Kemp is unable to meet his burden in showing that he is entitled to a new trial. Accordingly, Kemp's motions [Record Document 230] are **DENIED**.

**THUS DONE AND SIGNED** this 25th day of June, 2024.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE

3